UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD T. ISLAM,

                      Plaintiff,

        -against-

UNITED STATES POSTAL SERVICE;
MICHELLE MAYER; APWU
PRESIDENT/SECRETARY; HENRY
JOEGRIND; DENISE HOLLAND,

                    Defendants.

24-CV-10064 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims that his employer violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act ("FMLA"). By order dated February 7, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against the USPS, and substitutes as a defendant United States Postmaster General Louis DeJoy; (2) dismisses with leave to replead Plaintiff's claims against "APWU President/Secretary," Michelle Mayer, Henry Joegrind, and Denise Holland; and (3) directs service on Postmaster General DeJoy.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    United States Postal Service

Plaintiff brings employment discrimination claims against the USPS, which is a federal

agency. The doctrine of sovereign immunity bars federal courts from hearing all suits against the

federal government, including suits against any part of the federal government, such as a federal

agency, like the USPS, except where sovereign immunity has been waived. *United States v.*

*Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941));

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action

against a federal agency or federal officers in their official capacities is essentially a suit against

the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such

immunity is waived."). "The United States has waived its sovereign immunity regarding

employment discrimination claims only to the extent that such claims are made against the head

of the department, agency or unit." *Coats v. Dep't of Veterans Affairs*, No. 04-CV0491A, 2005 WL

2420354, at *4 (W.D.N.Y. Sept. 30, 2005); *see* 42 U.S.C. § 2000e-16(c) (proper defendant for Title

VII claims brought by federal employee is the head of the relevant agency). The Court therefore

also dismisses Plaintiff's claims against the USPS, under the doctrine of sovereign immunity, *see*

28 U.S.C. § 1915(e)(2)(iii), and, consequently, for lack of subject matter jurisdiction, *see* Fed. R.

Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, the Court construes the complaint as asserting claims

against the USPS Postmaster General Louis DeJoy, and directs the Clerk of Court to amend the

caption of this action to replace the USPS with Postmaster General Louis DeJoy. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses DeJoy may wish to assert.

**B.      Claims against Individual Defendants**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Under the Rule, a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff names as defendants "APWU President/Secretary," Michelle Mayer, Henry Joegrind, and Denise Holland. Plaintiff's complaint does not comply with Rule 8 with respect to his claims against these defendants because he alleges no facts describing what these defendants did that violated his rights under state and federal law. In fact, aside from their inclusion in the list of defendants, these individuals are not mentioned at all in the complaint. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint. Any amended complaint Plaintiff files must comply with Rule 8's requirement that it include a short and plain statement showing that he is entitled to relief against

each named defendant. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## C.    Service on DeJoy

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Postmaster General Louis DeJoy through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for DeJoy. The Clerk of Court is further instructed to check the box on the USM-285 form labeled "Check for service on U.S.A."; issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon DeJoy.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**CONCLUSION**

For the reasons explained above:

- The Court dismisses Plaintiff's claims against the United States Postal Service under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(iii), and, consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

- The Clerk of Court is directed to add Postmaster General Louis DeJoy as a Defendant under Fed. R. Civ. P. 21.

- The Court dismisses Plaintiff's claims against "APWU President/Secretary," Michelle Mayer, Henry Joegrind, and Denise Holland for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint.

- The Court directs the Clerk of Court to issue a summons; fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Louis DeJoy; check the box on the USM-285 form labeled "Check for service on U.S.A."; and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon DeJoy.

- The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 29, 2025
          New York, New York

_____
                 DALE E. HO
          United States District Judge

5

**SERVICE ADDRESSES FOR DEFENDANT**

1. Postmaster General Louis DeJoy
   United States Postal Service
   475 L'Enfant Plaza SW
   Washington, DC 20260

2. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530

3. United States Attorney
   Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, New York 10007