UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/26/26

| | |
|---|---|
| MOHAMMAD T. ISLAM, | |
| Plaintiff, | 24-CV-10064 (DEH) (BCM) |
| -against- | **REPORT AND RECOMMENDATION** |
| DAVID P. STEINER, Postmaster General, | **TO THE HON. DALE E. HO** |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Mohammad T. Islam, proceeding pro se and in forma pauperis, brings this action against his former employer, the United States Postal Service (USPS), asserting claims of religious discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Now before me for report and recommendation is defendant's motion (Dkt. 18) to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. After careful review of the file, I conclude that this action should be dismissed pursuant to Rule 12(b)(6), because plaintiff has not plausibly stated any claim under the FMLA; did not bring his FMLA claim within the applicable statute of limitations; and failed to exhaust his administrative remedies before bringing his Title VII claim.

## I.     FACTUAL ALLEGATIONS

The facts summarized herein are drawn from: (1) the Complaint (Dkt. 1); (2) plaintiff's July 7, 2025 letter (7/7/25 Pl. Ltr.) (Dkt. 17) and its attachments, which the Court construes as a supplement to his Complaint; (3) the Declaration of Marissa Mitchell (Mitchell Decl.) (Dkt. 20), which attaches (a) a February 20, 2025 decision by USPS Equal Employment Opportunity (USPS EEO) dismissing plaintiff's discrimination claims (USPS EEO Dec.) (Dkt. 20-1), and (b) a May 30, 2025 decision by the United States Equal Employment Opportunity Commission (EEOC)

affirming the decision of the USPS EEO (EEOC Dec.) (Dkt. 20-2); (4) plaintiff's August 21, 2025

letter (8/21/25 Pl. Ltr.) (Dkt. 24) and its attachments, which the Court construes as his opposition

to defendant's motion to dismiss and a further supplement to his Complaint; and (5) plaintiff's

September 5, 2025 letter (9/5/25 Pl. Ltr.) (Dkt. 25), and its attachments, which the Court construes

as his final supplement to the Complaint. As discussed in Parts III(A)(1)-(2), *infra*, the Court may

consider all of these materials without converting the motion to dismiss into a summary judgment

motion.

In 2013, plaintiff began his employment with USPS as a Motor Vehicle Operator in

Manhattan. Compl. at 5; 7/7/25 Pl. Ltr. at 19.[1] Early in his employment, plaintiff's supervisor

refused to allow him to attend Friday prayer. Compl. at 5. In 2015, plaintiff complained and

succeeded in getting that decision overturned. *Id*.; *see also* 7/7/25 Pl. Ltr. at 19. After that,

however, his supervisor "changed [him] to a bad truck," assigned him "bad hours," and then

accused him of throwing a scanner and trying to run over a construction worker, which led to his

arrest. Compl. at 5; *see also* 7/7/25 Pl. Ltr. at 19 (alleging that plaintiff's manager "framed [him]

with a false case"). After nine months, the criminal charges were dismissed. Compl. at 5; 7/7/25

Pl. Ltr. at 19; *see also* 9/5/25 Pl. Ltr. at 2 (Certificate of Disposition showing that plaintiff was

arrested on charges of assault, reckless endangerment, and harassment on August 28, 2017, and

that the charges were dismissed on May 15, 2018).

Two years later, in 2020, plaintiff's elderly mother became ill and required plaintiff to care

for her. Compl. at 6. Plaintiff requested and was granted FMLA leave from January 21, 2020

through May 22, 2020. *Id*. However, when plaintiff returned from that leave, he was told that there

---

[1] All page citations to plaintiff's submissions are to the ECF page numbers generated by the Court's electronic case filing system.

was no longer a position for him. *Id*.; *see also* 7/7/25 Pl. Ltr. at 1, 19. Plaintiff asserts that other drivers came back to their jobs without problems, and alleges (albeit without further factual support) that he was singled out because he is Muslim. 7/7/25 Pl. Ltr. at 1.

In 2021, plaintiff again requested his job back. 8/21/25 Pl. Ltr. at 1. USPS initially agreed to rehire him on June 29, 2021, but when plaintiff showed up to work the following Monday, he was "denied." *Id*.[2] Plaintiff alleges that he continued to make efforts to get his job back through 2024. *Id*. However, the only such efforts he describes are his administrative complaints and appeals, discussed below.

## II.    PROCEDURAL BACKGROUND

On April 12, 2024, plaintiff "inquire[d]" regarding the termination of his employment in 2020. USPS EEO Dec. at 1; *see also* EEOC Dec. at 1 (reciting that on April 12, 2024, plaintiff "contacted an EEO counselor"). Four months later, on August 15, 2024, plaintiff again "requested pre-complaint . . . counseling." USPS EEO Dec. at 2. According to plaintiff, he received a letter from "the EEO" on December 16, 2024, saying that he missed an interview "and they were dismissing my complaint." Compl. at 6.[3] On December 26, 2024, plaintiff filed this action in federal court against the USPS and several union officials. Compl. at 4-5. Although plaintiff's Complaint does not clearly label his causes of action, he lists the FMLA and Title VII, as well as "discrimination," as the "basis for federal-court jurisdiction." Compl. at 2.

After filing this action, plaintiff continued to pursue his administrative case. On January 25, 2025, he received a Notice of Right to File an Individual Complaint of Discrimination. USPS

---

[2] June 29, 2021 was a Tuesday. The following Monday was July 5, 2021, a federal holiday.

[3] Plaintiff does not provide a copy of the December 16, 2024 letter. There is no reference to such a letter in any of the EEO records placed before this Court by defendant.

3

EEO Dec. at 1. A few weeks later, on February 12, 2025, plaintiff filed a "formal complaint of discrimination" with the USPS EEO, alleging that he was discriminated against based on "Race (Bangladesh), Religion (Muslim), Age [over 40] and Retaliation (Unspecified)" in connection with the loss of his job in 2020. *Id*. On February 20, 2025, the USPS EEO dismissed that complaint as untimely under 29 C.F.R. § 1614.105(a)(1), "which specifies that an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." *Id*. at 2 (explaining that plaintiff was "obligated to request pre-complaint counseling no later than 45 days" from each alleged discriminatory act).

The USPS EEO advised plaintiff that he could appeal its decision to the EEOC within 30 days, or, alternatively, file a civil action in a United States District Court within 90 days. USPS EEO Dec. at 3-4. Plaintiff appealed to the EEOC, which affirmed the EEO's decision on May 30, 2025. EEOC Dec. at 2 (concluding "the Agency properly issued a final Agency decision dismissing the complaint for untimely EEO Counselor contact pursuant to 29 C.F.R. § 1614.107(a)(2).").

Meanwhile, on April 29, 2025, the Honorable Dale E. Ho, United States District Judge, dismissed plaintiff's claims against the USPS, substituted as a defendant the United States Postmaster General (now David P. Steiner), and directed service on the Postmaster General. 4/29/25 Order (Dkt. 7) at 1, 5. Additionally, Judge Ho dismissed plaintiff's claims against the union officials, for failure to state a claim against them upon which relief may be granted, with leave to replead within 30 days. *Id*. Plaintiff made no effort to replead his claims against the union officials. Instead, on July 7, 2025, he submitted a letter with attachments, which does not mention the union officials, but which (as noted above) I accept as a supplement to his Complaint as against the Postmaster General.

4

On August 8, 2025, the Postmaster General filed the instant motion to dismiss, supported by a memorandum of law (Def. Mem.) (Dkt. 19), and the Mitchell declaration. Defendant argues that to the extent plaintiff has stated an FMLA claim, it is time-barred, because all relevant events occurred more than three years (the maximum limitations period) before plaintiff commenced this lawsuit. Def. Mem. at 5-6. Defendant further contends that plaintiff failed to timely exhaust his administrative remedies prior to filing his Title VII claim. *Id.* at 6-8 (citing *Mathirampuzha v. Potter*, 548 F.3d 70, 74-75 (2d Cir. 2008)). Defendant asserts that plaintiff was required to consult with a USPS EEO counselor within 45 days of the termination of his employment, but failed to do so. *Id*. at 7. Further, defendant argues, plaintiff was required to file a formal written administrative complaint with the USPS EEO *and* receive a final agency decision on that complaint (or wait 180 days after filing the complaint) before filing a civil action in this Court. *Id*. at 7-8. Instead, plaintiff jumped the gun, filing this action "more than a month *before* he filed his formal EEO complaint with USPS." *Id*. at 8 (all emphases in original unless otherwise noted).

In plaintiff's August 21, 2025 letter, he appears to argue that his claims did not accrue until June 2021, when the USPS first agreed to give him his job back but then refused to actually rehire him. 8/21/25 Pl. Ltr. at 1. He concedes, however, that he filed this case more than three years and five months thereafter. *Id*. He further argues that since the EEO "dismissed my complaint after I filed my Case," he eventually "met the EEO rule for a court case," and should at least be allowed to "restart a case following [that] EEO decision." *Id*. In his September 5, 2025 letter, plaintiff reiterates his allegations concerning the retaliation he allegedly faced in 2017-2018, including his arrest on false charges in 2017 and the dismissal of those charges in 2018. 9/5/25 Pl. Ltr. at 1.

Defendant filed a one-page reply letter on September 17, 2025. (Dkt. 26.)

### III.    DISCUSSION

#### A.    Legal Standards

##### 1.    Rule 12(b)(6)

If a plaintiff's complaint fails to present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the deficient claims may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When faced with a Rule 12(b)(6) motion, the trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). I have done so here. Additionally, in light of plaintiff's pro se status, I have accepted, under the same standard, the factual assertions made in his supplemental filings and opposition papers, to the extent not inconsistent with his original Complaint. *See Ford v. Miller*, 2019 WL 6831640, at *6 (S.D.N.Y. Aug. 23, 2019) ("factual allegations made in a *pro se* plaintiff's opposition papers, or the attachments thereto, may be considered 'as supplementing the Complaint, at least to the extent they are consistent with the allegations in the Complaint'") (quoting *George v. Pathways to Hous., Inc.*, 2012 WL 2512964, at *6 n.7 (S.D.N.Y. June 29, 2012)), *adopted,* 2019 WL 4673445 (S.D.N.Y. Sept. 25, 2019); *accord Dawkins v. Biondi Educ. Ctr.*, 164 F. Supp. 3d 518, 521 n.1 (S.D.N.Y. 2016) (collecting cases).

Whether set forth in the plaintiff's complaint or in a supplemental filing, however, his factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Thus, the court may not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### 2. Administrative Records

In addition to the facts alleged in the body of the complaint, a federal district court may consider "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint," *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)), as well as documents of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). A document is deemed "incorporated by reference" into the complaint where the complaint "explicitly refers to and relies upon" it. *Sira*, 380 F.3d at 67 (2d Cir. 2004). Documents are "integral" to the complaint where the plaintiff had "actual notice" of them and "relied upon [them] in framing the complaint." *L-7 Designs*, 647 F.3d at 422 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) (alteration in original); *accord DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Where a document has been incorporated by reference or deemed integral to the complaint, the court need not accept the plaintiff's description of its contents, "but may look to the [document] itself." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005).

In this case, for purposes of evaluating the parties' exhaustion arguments, I have considered the administrative records attached as exhibits to the Mitchell declaration. Plaintiff expressly refers to his EEO proceedings three times: in his original pleading, *see* Compl. at 6; in his July 7, 2025 supplement, *see* 7/7/25 Pl. Ltr. at 19 (providing his USPS EEO case number); and again in his August 21, 2025 supplement, *see* 8/21/25 Pl. Ltr. at 1 ("EEO dismissed my complaint after I filed my Case"), thereby incorporating the underlying administrative records by reference or (at a minimum) making them integral to his pleading. Moreover, "District Courts in this Circuit have regularly held that '[w]here [the] exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein' on a Rule 12(b)(6) motion." *Dreyer v. United States Dep't of Just.*, 2025 WL 896497, at *5 (S.D.N.Y. Mar. 24, 2025) (quoting *Levinson v. United States Fed. Bureau of Prisons, Metro. Corr. Ctr. – N.Y*, 594 F. Supp. 3d 559, 566-67 (S.D.N.Y. 2022)), *appeal withdrawn,* WL 1808191 (2d Cir. Apr. 8, 2025); *accord Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, 2020 WL 2131771, at *2 (S.D.N.Y. May 4, 2020); *Day v. Distinctive Pers., Inc.*, 656 F. Supp. 2d 331, 332 n.2 (E.D.N.Y. 2009) (collecting cases).

### 3. Pro Se Pleadings

Where, as here, the plaintiff is pro se, his complaint must be construed "liberally, reading it with special solicitude and interpreting it to raise the strongest claims that it suggests." *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013) (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). This mandate "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Maisonet*, 640 F. Supp. 2d at 348 (internal quotation marks and citation

omitted). Thus, even a pro se plaintiff "must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

### B.    Application

#### 1.    FMLA

The FMLA gives eligible employees an entitlement to twelve work weeks of unpaid leave per year for the purposes specified in the statute, including to care for a family member who has "a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Since plaintiff affirmatively alleges that he was given FMLA leave in 2020, *see* Compl. at 6, I assume, for purposes of the present motion, that he was an eligible employee under FMLA.

The Second Circuit recognizes two types of FLMA claims: interference and retaliation. *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). Interference claims are available where the employer "has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA." *Woods*, 864 F.3d at 166. There is no suggestion in plaintiff's papers that the USPS prevented or impeded his ability to exercise his FMLA rights. Retaliation claims, by contrast, "involve an employee actually exercising [his] rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer." *Id*. Read generously, plaintiff's Complaint could be construed as suggesting that his employment was terminated upon his return from FMLA leave not only because he is Muslim but also in retaliation for his having taken that leave. *See* Compl. at 6. I therefore treat the claim as alleging FMLA retaliation.

In order to plead a FMLA retaliation claim, however, a plaintiff must allege facts plausibly demonstrating that "(1) [he] exercised rights protected under the FMLA, (2) [he] was qualified for [the] position, (3) [he] suffered an adverse employment action, and (4) the adverse employment

9

action occurred under circumstances giving rise to an inference of retaliatory intent." *Serby v. N.Y.C. Dep't of Educ.*, 526 F. App'x 132, 134 (2d Cir. 2013); *accord Lievre v. JRM Constr. Mgmt., LLC*, 2019 WL 4572777, at *11 n.10 (S.D.N.Y. Sept. 20, 2019). Here, plaintiff has arguably pleaded the first three factors, but has alleged no facts supporting the fourth: that he was retaliated against for taking FMLA leave. Instead, he affirmatively alleges that other USPS drivers were reinstated after FMLA leaves "without problem[s]," 7/7/25 Pl. Ltr. at 1, and claims that he was treated differently "because I am Muslim." *Id*. Plaintiff has therefore failed to present "sufficient factual matter, accepted as true," to state a FMLA retaliation claim "that is plausible on its face." *Absolute Activist Value Master Fund*, 677 F.3d at 65.

Further, plaintiff's FMLA claim is time-barred.[4] "The statute of limitations for violation of rights protected by the FMLA is two years after the date of the last event constituting the alleged violation, or three years after the date of the last event constituting a 'willful' violation of section 2615 of the FMLA." *Porter v. N.Y. Univ. Sch. of L.*, 2003 WL 22004841, at *5 (S.D.N.Y. Aug. 25, 2003), *aff'd*, 392 F.3d 530 (2d Cir. 2004); *see also* 29 U.S.C. § 2617(c)(1) (2-year statute of limitations); *id*. § 2617(c)(2) (3-year statute of limitations "[i]n the case of [an] action brought for a willful violation of section 2615 of this title"). In the Second Circuit, a "willful" violation occurs where the employer "knew or showed reckless disregard for the matter of whether its conduct was

---

[4] The FMLA statute of limitations is an affirmative defense. *See*, *e.g*., *Gates v. Mack Molding Co., Inc.*, 2023 WL 4181945, at *5 (D. Vt. Mar. 27, 2023). Nonetheless, lapse of the limitations period may be raised and adjudicated on a motion to dismiss pursuant to Rule 12(b)(6) if – as in this case – "the defense appears on the face of the complaint," which shows that the claim is "clearly . . . out of time." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (internal quotations and citations omitted); *see also Gates*, 2023 WL 4181945, at *9 (dismissing FMLA retaliation claim pursuant to Rule 12(b)(6) because, even if "the court uses the latest possible dates of retaliation Mr. Gates alleges," he failed to file his claim within the three-year period applicable to willful violations).

prohibited by the [FMLA]." *Porter*, 392 F.3d at 531 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

FMLA claims can be subject to equitable tolling, but only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Hollingsworth v. Theatrical Teamsters Union Local 817 IBT*, 2020 WL 2219212, at *4 (E.D.N.Y. May 7, 2020) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citations and alterations omitted)). In order to avail himself of the equitable tolling doctrine, a plaintiff must show that he "(1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* (quoting *Zerilli-Edelglass*, 333 F.3d at 80-81). Being unaware of the applicable statute of limitations does not constitute the necessary extraordinary circumstances. *Maack v. Wyckoff Heights Med. Ctr.*, 2016 WL 3509338, at *13 (S.D.N.Y. June 21, 2016).

Plaintiff's FMLA claim (to the extent he has pleaded one) accrued in late May 2020, when plaintiff returned from his FMLA leave and was notified that there was "no position for [him]." Compl. at 6. *See Bento v. N.Y.C. Dep't of Citywide Admin. Servs.*, 2020 WL 1434570, at *3 (S.D.N.Y. Mar. 24, 2020) ("[Plaintiff's] FMLA claim began to accrue . . . when he received notice that his employment had been terminated.").[5] However, plaintiff did not file this action until December 26, 2024, more than four years later. Because plaintiff's FMLA claim is untimely under

---

[5] The administrative record reflects that plaintiff's Notice of Removal (NOR) was issued on March 26, 2020. USPS EEO Dec. at 1. However, defendant did not submit the NOR itself, and plaintiff alleges that his employment was terminated when he returned from his FMLA leave, which ended on May 22, 2020, Compl. at 6, which was a Friday. I therefore accept (for purposes of the pending motion to dismiss) that the FMLA statute of limitations did not begin to run until Monday, May 25, 2020.

11

both § 2617(c)(1) and § 2617(c)(2), it is not necessary for me to determine whether he has plausibly alleged that defendant acted willfully. Moreover, nothing in plaintiff's papers suggests that there is any basis for equitably tolling the limitations period.[6] Therefore, plaintiff's FMLA claim should be dismissed both for failure to plead facts demonstrating FMLA retaliation and as time-barred.

### 2.  Title VII

Under Title VII, it is unlawful for a covered employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). Title VII is "the exclusive remedy available to federal employees who allege [employment] discrimination" on the basis of religion. *Lucenti v. Potter*, 432 F. Supp. 2d 347, 356 (S.D.N.Y. 2006) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825-33 (1976); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996)).

Prior to bringing suit under Title VII, "a federal government employee must timely exhaust the administrative remedies at his disposal." *Mathirampuzha*, 548 F.3d at 74 (quoting *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001)). "Timely exhaustion of administrative remedies requires that a federal employee comply with applicable EEOC regulations," *Lucenti*, 432 F. Supp. 2d at 356, including those set forth at 29 C.F.R. § 1614. Section 1614 requires the employee to do three things before filing a civil action in a United States District Court. First, he must "consult with a counselor at the relevant agency's Equal Employment Office ('EEO') within 45 days of the alleged

---

[6] In his August 21, 2025 letter, plaintiff alleges that he requested his job back in June 2021 – more than a year after being terminated – and that USPS denied that request on the Monday following June 29, 2021. 8/21/25 Pl. Ltr. at 1. Plaintiff has cited no authority (and this Court is aware of none) for the proposition that a FMLA claim arising from the termination of plaintiff's employment re-accrues (or is tolled) every time the plaintiff unsuccessfully requests reinstatement. In any event, plaintiff's FMLA claim would still be time-barred, even under the three-year statute applicable to willful violations, because – as he concedes – the events alleged in his August 21, 2025 letter occurred "three years and five months" before he filed this case. *Id.*

discriminatory act[.]" *Belgrave*, 254 F.3d at 386 (citing 29 C.F.R. § 1614.105(a)(1)).[7] Second, if the matter is not resolved through the mandatory informal counseling, the employee must "file a formal written administrative complaint ('EEO complaint') within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ('EEO notice')[.]" *Id*. (citing 29 C.F.R. § 1614.106(a)-(b)). Third – and only after completing the first two steps – the employee must file his civil action in federal court "(i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision[.]" *Id*. (citing 42 U.S.C. § 2000e-16(c)); *see also* 29 C.F.R. § 1614.407(a)-(b)).

"The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998)). Accordingly, exhaustion is "an essential element of the Title VII [] statutory scheme," and "a precondition to bringing such claims in federal court." *Id*. (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)); *see also Lucenti*, 432 F. Supp. 2d at 357 ("The employee may not file in federal court until the administrative EEO process has been completed.").

Courts in this Circuit consistently hold plaintiffs, including pro se plaintiffs, to "strict compliance" with the exhaustion regulations. *Wilder v. United States Dep't of Veterans Affs.*, 175 F. Supp. 3d 82, 89 (S.D.N.Y. 2016) (collecting cases); *Lucenti*, 432 F. Supp. 2d at 357 ("Courts must strictly adhere to [Title VII's] procedural requirements for gaining access to the federal

---

[7] In the case of "personnel action," the 45 days runs from the "effective date of the action." 29 C.F.R. § 1614.105(a)(1).

courts."). The 45-day period set out in 29 C.F.R. § 1614.105(a)(1) "serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001); *accord Gray v. Esper*, 2022 WL 1174959, at *8-9 (E.D.N.Y. Feb. 24, 2022) (federal employee's Title VII claim was subject to dismissal under Rule 12(b)(6) where plaintiff did not contact an EEO counselor until 88 days after the effective date of his termination and failed to make a "satisfactory argument" for equitable tolling); *Williams v. Potter*, 2007 WL 2375818, at *4 (S.D.N.Y. Aug. 14, 2007) (The "failure to initiate contact with an EEO [c]ounselor within 45 days after the discriminatory incident bars a plaintiff's civil action and requires the dismissal of any Title VII . . . action in federal court.").

The 45-day period, like other time limits applicable to Title VII, "is subject to equitable tolling." *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000); *see also Gray*, 2022 WL 1174959, at *8 (the 45-day period "is subject to equitable tolling should Plaintiff make out a case for it"). However, under Title VII (as under the FMLA), equitable tolling "is 'only appropriate in rare and exceptional circumstances,'" *Colon v. Potter*, 51 F. App'x 43, 46 (2d Cir. 2002) (summary order) (quoting *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir. 2001)), "in which a party is prevented in some extraordinary way from exercising his rights[.]" *Id.*; *see also Williams*, 2007 WL 2375818, at *5 ("Tolling of the [45-day] time limit is granted when 'rare and exceptional circumstances' prevented a plaintiff from filing on time.") (citing *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000)); *Judge v. Henderson*, 172 F. Supp. 2d 410, 414 (S.D.N.Y. 2001) ("Equitable tolling is 'available only when the plaintiff's failure to meet a deadline is the result of someone else's error.'") (quoting *German v. Pena,* 88 F. Supp. 2d 216, 221 (S.D.N.Y. 2000)). Although the failure to exhaust administrative remedies is an affirmative defense, *see Belgrave*, 254 F.3d at 386, "[t]he

14

burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos*, 201 F.3d at 185.

A plaintiff's failure to file a formal EEO complaint and obtain a decision on that complaint prior to initiating a federal action (unless 180 days has elapsed without such a decision), as required by 29 C.F.R. §§ 1614.106 and 1614.407, also bars the action. "Only after final agency action may the complainant appeal to the EEOC or file an action in federal district court." *Young v. U.S. Dep't of Homeland Sec.*, 2011 WL 6057849, at *1 (S.D.N.Y. Dec. 5, 2011) (Sullivan, J.); *see also Jimenez v. Donahoe*, 968 F. Supp. 2d 609, 619 (S.D.N.Y. 2013) ("[B]efore filing suit, the employee must complete the administrative process."); *Francis v. Brennan*, 2016 WL 3093984, at *3 (S.D.N.Y. June 1, 2016) (dismissing pro se Title VII case because plaintiff "pretermitted" the agency process by filing his civil action without having first filed a written administrative complaint with the USPS EEO).

Here, plaintiff alleges that he was subjected to religious discrimination starting in 2013 and continuing through the termination of his USPS employment on May 25, 2020. Compl. at 5; 7/7/25 Pl. Ltr. at 1; 9/5/25 Pl. Ltr. at 1. Although his pleadings are inconsistent as to when he first contacted a USPS EEO counselor, neither of the dates he provides is within 45 days of May 25, 2020. In his Complaint, plaintiff alleges April 12, 2024 as the "date of occurrence." Compl. at 5. According to the EEOC, April 12, 2024 was the date on which plaintiff "contacted an EEOC Counselor." EEOC Dec. at 1. This was almost four years after the termination of plaintiff's USPS employment, and thus was too late.[8] In his August 21, 2025 letter, plaintiff states that after he unsuccessfully attempted to get his job back in June 2021, he "filed with EEO in the same year."

---

[8] Indeed, the EEOC affirmed the final decision of the USPS dismissing plaintiff's discrimination complaint on precisely this ground: "untimely EEO Counselor contact pursuant to 29 U.S.C. § 1614.107(a)(2)." EEOC Dec. at 2.

8/21/25 Pl. Ltr. at 1. Construing this assertion liberally as an allegation that plaintiff first consulted with a USPS EEO counselor as early as June 2021, this was still more than a year after his employment was terminated, and thus was also too late.

Even if plaintiff did timely contact an EEO counselor, it is clear that he failed to wait for a final agency decision prior to filing this action in federal court (or for the passage of 180 days from the filing of his formal EEO complaint), as required by 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407. Instead, plaintiff "pretermitted" the agency process, *Francis*, 2016 WL 3093984, at *3, by commencing this action on December 26, 2024, without having submitted a formal EEO complaint to the USPS. Plaintiff thus failed to exhaust his administrative remedies and deprived the agency of the "opportunity to investigate, mediate, and take remedial action," *Fowlkes*, 790 F.3d at 384, requiring dismissal.

On February 12, 2025 – some two months *after* he filed this action – plaintiff did submit a formal agency complaint to the USPS EEO. *See* USPS EEO Dec. at 1. Thereafter, he obtained a decision from the USPS on February 20, 2025, *id*. at 2, which was affirmed by the EEOC on May 30, 2025. *See* EEOC Dec. at 4. District courts in our Circuit, however, have held that post-filing administrative developments cannot retroactively cure a failure to exhaust and are not grounds for permitting a prematurely filed action to continue in federal court. *See Jimenez*, 968 F. Supp. 2d at 619 ("The fact that the EEOC may issue a decision after the suit is filed cannot cure the premature filing of a suit."); *Williams v. Potter*, 2002 WL 32964463, at *4 (S.D.N.Y. Aug. 26, 2002) ("Premature federal filings are considered failures to exhaust, and cannot be cured by interim action by the administrative agency.") (citing *Tolbert v. United States,* 916 F.2d 245, 249-50 (5th Cir. 1990)). As the Fifth Circuit explained in *Tolbert*:

> To hold otherwise would allow a plaintiff to file an action and begin civil proceedings – discovery, motions to dismiss and for summary judgment, and so on

– before completing the course of administrative review. A plaintiff could thereby largely circumvent the rule that she must exhaust her administrative remedies. To allow a plaintiff to proceed in such a fashion would, in short sequence, produce all of the evils that are designed to be avoided by requiring exhaustion of administrative remedies.

916 F.2d at 249.[9]

Here, as in *Jimenez* and *Williams*, plaintiff filed his federal complaint prematurely, thereby attempting to circumvent the rule that required him to exhaust his administrative remedies before initiating a Title VII lawsuit. For this reason – as well as his failure to contact an EEO counselor within 45 days of the effective date of his termination in 2020 – plaintiff's Title VII claim should be dismissed.

### 3.    Leave to Amend

"A court should generally grant a *pro se* plaintiff 'leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Brown v. Volpe*, 2017 WL 985895, at *8 (S.D.N.Y. Mar. 13, 2017) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, if the problems with a claim are "substantive" rather than the result of an "inadequately or inartfully pleaded" complaint, leave to amend would be "futile" and "should be denied." *Cuoco*, 222 F.3d at 112.

In this case, although it is possible that plaintiff could better support the retaliation element of his FMLA claim, it appears highly unlikely that he could overcome the three-year FMLA statute

---

[9] *See also Jones v. U.S. Dep't of Just.*, 111 F. Supp. 3d 25, 32 (D.D.C. 2015) (dismissing Title VII claims against DOJ for failure to exhaust, even though the parties had engaged in 15 months of discovery in federal court, because plaintiff filed his complaint six days before he obtained a final agency decision from the MSPB), *aff'd sub nom. Jones v. United States Dep't of Just.*, 2017 WL 3895064 (D.C. Cir. July 14, 2017); *Andrews v. Potter*, 2007 WL 325348, at *3 (E.D. Mich. Jan. 31, 2007) (dismissing Title VII claims against USPS for failure to exhaust because (i) plaintiff waited only 121 days after appealing the USPS decision to the EEOC before filing her federal complaint, and (ii) "[t]he fact that the 180[-day] period has since passed does not remedy Plaintiff's situation").

of limitations (which he missed by a year and seven months) through better pleading. *See Caban v. N.Y.C. Dist. Council of Carpenters Pension Plan*, 2020 WL 5774901, at *8 (S.D.N.Y. Sept. 28, 2020) (dismissing pro se complaint with prejudice because "plaintiff's claims are time barred," such that "'better pleading will not cure the defect, and granting leave to amend would be futile.'") (quoting *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015)); *Singh v. N.Y.C. Dist. Council of Carpenters Benefit Funds*, 2018 WL 4335511, at *4 (S.D.N.Y. Sept. 11, 2018) (dismissing pro se complaint with prejudice "[b]ecause Plaintiff's claim is barred by the statute of limitations, and there is no suggestion in Plaintiff's papers of circumstances that would support tolling or the accrual of a claim within six years of the initiation of this action," as required by the applicable statute of limitations). Nonetheless, because plaintiff is pro se, and because I cannot rule out the possibility (however remote) that he could allege facts sufficient to state a *prima facie* case *and* to support equitable tolling, I recommend that he be given the opportunity to replead his FMLA claim.

Likewise, it is theoretically possible that, if given leave to amend his Title VII claim, plaintiff could point to an earlier contact with an EEO counselor, or allege facts sufficient to demonstrate that the 45-day period set forth in 29 C.F.R. § 1614.105(a)(1) should be equitably tolled.

However, plaintiff's failure to file his formal EEO complaint with the USPS (and wait for decision on that complaint) *before* coming to this Court, as required by 42 U.S.C. § 2000e-16(c) and 29 C.F.R. §§ 1614.106(a)-(b) and 1614.407, cannot be cured through repleading. As Judge Engelmayer explained in an analogous case, involving failure to exhaust under the Prison Litigation Reform Act, "a court should not grant leave to replead where such effort would be futile due to the *pro se* plaintiff's uncurable failure to exhaust his administrative remedies." *Richardson*

18

*v. City of New York*, 2023 WL 1777323, at *4 (S.D.N.Y. Feb. 6, 2023) (dismissing, with prejudice, civil rights claims brought by pretrial detainee who failed to exhaust his administrative remedies while detained and could not do so once he was released from custody); *see also Daniels v. Carter*, 2022 WL 17979915, at *10 (S.D.N.Y. Nov. 22, 2022) ("Because the time for filing a grievance has expired, Daniels' failure to exhaust his administrative remedies is uncurable and dismissal with prejudice is appropriate."), *adopted,* 2022 WL 17978908 (S.D.N.Y. Dec. 28, 2022). I therefore conclude that plaintiff's failure to complete the administrative process before filing suit has become "uncurable," *Richardson*, 2023 WL 1777323, at *4, and thus that granting him leave to amend would be futile.

## IV.    CONCLUSION

For the reasons stated above, I recommend, respectfully, that defendant's motion (Dkt. 18) be GRANTED; that plaintiff's FMLA claim be DISMISSED, pursuant to Rule 12(b)(6), with leave to amend within 30 days; and that his Title VII claim be DISMISSED, pursuant to Rule 12(b)(6), with prejudice.

Dated: New York, New York
January 26, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

19

**<u>NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS
TO THIS REPORT AND RECOMMENDATION</u>**

The parties have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), unless they receive this Report and Recommendation solely by mail, in which case they have 17 days from the date on which it was mailed. *See* Fed. R. Civ. P. 6(a), 6(d). Any objections must be filed with the Clerk of the Court, addressed to the Hon. Dale E. Ho, and delivered to Judge Ho in accordance with his individual practices. Any request for an extension of the deadline to file objections must also be directed to Judge Ho. Failure to file timely objections will result in a waiver of such objections and will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018) (summary order); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

20