UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD T. ISLAM,

                    Plaintiff,

          v.

DAVID P. STEINER.,

                    Defendant.

24 Civ. 10064 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Mohammad T. Islam ("Plaintiff" or "Mr. Islam"), proceeding pro se, filed suit against David P. Steiner, the United States Postmaster General, asserting numerous claims stemming from his previous employment with the United States Postal Service ("USPS").  Before the Court is the January 26, 2026 Report and Recommendations (the "Report" or "R. & R.") issued by Magistrate Judge Moses recommending (1) dismissal, without prejudice, to Plaintiff's retaliation claim under the Family and Medical Leave Act of 1993 ("FMLA"),[1] and (2) dismissing, with prejudice, Plaintiff's religious discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964.[2]  Neither party filed timely objections to the R. & R.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3]  For dispositive matters, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has properly

---

[1] 29 U.S.C. § 2601, *et seq.*

[2] 42 U.S.C. § 2000e, *et seq.*

[3] 28 U.S.C. § 636(b)(1)(C).

been objected to" by any party.[4]  For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."[5]  The Court has reviewed and found no error, clear or otherwise, and accordingly adopts the Report in full.

**CONCLUSION**

For the reasons discussed herein, the Court adopts Magistrate Judge Moses's Report. Accordingly, Defendant's motion to dismiss is **GRANTED**.  Mr. Islam may file a letter seeking permission to file an Amended Complaint by **April 2, 2026**.  Any such letter shall state why Mr. Islam believes he was retaliated against for taking FMLA leave, whether those retaliatory acts occurred within the applicable two-year statute of limitations, and/or why the statute of limitations should be excused in this case.  The letter shall be accompanied by a proposed Amended Complaint including any additional factual allegations regarding FMLA retaliation.

The Clerk of Court is respectfully requested to terminate ECF No. 18.  The Clerk of Court is further directed to mail a copy of this Opinion and Order to Mr. Islam and note service on the docket.

SO ORDERED.

Dated: March 2, 2026

New York, New York

DALE E. HO
United States District Judge

---

[4] Fed. R. Civ. P. 72(b)(3).  All references to the Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[5] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).